UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-49 (1) (RHK/LIB) |
| | Civil No. 16-4008 (RHK) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| ANTONIO CHAVEZ AGUIRRE, JR., | |
| Defendant. | |

_____

The Defendant, Antonio Chavez Aguirre, Jr., has filed a Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and a Motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Doc. Nos. 204 and 205. After careful consideration of Aguirre's Motions, the Government's response, and the law and facts applicable to this case, Aguirre's Motions will be denied for the reasons that follow.

## BACKGROUND

**I.    PREVIOUS PROCEEDINGS**

On February 14, 2012, Aguirre was charged in an Indictment with conspiracy to distribute methamphetamine (Count 1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and with possession with intent to distribute methamphetamine (Count 7) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Doc. No. 1. On April 3, 2012, he pled guilty to Count 1. See Doc. No. 114. In his written Plea Agreement, Aguirre admitted that he obtained methamphetamine from various sources which he then distributed to co-defendant David Richard DeKing and others. Doc. No. 118 at ¶ 2. He

also admitted that the police seized approximately two pounds of methamphetamine and nine ounces of a cutting agent, which were linked to his drug trafficking activities.  Id.

On July 27, 2012, Aguirre appeared for sentencing.  Doc. No. 145.  The probation office determined, consistent with the positions of the parties, that Aguirre had a base offense level of 36.  See Presentence Investigation report ("PSR") at ¶ 42; Doc. No. 118 at ¶ 6.a.; USSG § 2D1.1(c)(2) (Nov. 2011) (at least 500 grams but less than 1,500 grams of actual methamphetamine).  With a three-level reduction for acceptance of responsibility, and a criminal history category of III, this resulted in a guideline range of 168 to 210 months.  See PSR at ¶¶ 48, 58, 97; Doc. No. 118 at ¶ 6.e.[1]  The Court adopted the findings of the PSR, varied downward, and sentenced Aguirre to serve 132 months in prison.  Doc. Nos. 147 and 148 at Part III.  Aguirre did not appeal his sentence.[2]

On February 9, 2015, Aguirre filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Doc. No. 177.  He claimed that he was entitled to a reduction of his sentence from 132 months to 96 months because of Amendment 782 to the Sentencing Guidelines (which retroactively awarded a two-level reduction for most drug offenses).  Id.  On August 10, 2015, the Court denied Aguirre's motion because, as the Government had argued, his amended guideline range would have been 135 to 168 months, a range higher than the sentence the Court had previously imposed.  See Doc. Nos. 188

---

[1].   Aguirre received two criminal history points for his prior conviction for terroristic threats, see PSR at ¶ 53; however, neither the Armed Career Criminal Act ("ACCA") nor the career offender provisions of the Sentencing Guidelines had any bearing on Aguirre's guideline calculations and guideline range.

[2].   Indeed, in his plea agreement, Aguirre expressly gave up the right to appeal any sentence of 210 months or less.  Doc. No. 118 at ¶ 11.

and 189; USSG § 1B1.10(b)(2)(A) ("Except [in cases involving substantial assistance] the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.").

## II.   AGUIRRE'S MOTIONS

On November 28, 2016, Aguirre filed the instant Motions.  See Doc. Nos. 204 and 205.  In his § 2255 Motion, Aguirre claims relief under United States v. McFee, ___ F.3d ___, 2016 WL 6803038 (8th Cir. Nov. 17, 2016), which held that a terroristic threats conviction under Minnesota law is not a "violent felony" under the ACCA.  Aguirre's § 2255 Motion should be denied on two grounds.  First, the Motion is time-barred in that Aguirre filed it outside the one-year limitation period of 28 U.S.C. § 2255(f).  Second, there is no substantive merit to the Motion because the decision in McFee would have no effect on Aguirre's guideline calculations or range.  In his § 3582(c)(2) Motion, Aguirre provides no new support for his request for a sentence reduction.  In any event, as this Court has previously ruled, Aguirre's § 3582(c)(2) Motion has no merit because his amended guideline range would be above the sentence the Court previously imposed.  See Doc. No. 188.

## ANALYSIS

## I.   STANDARD OF REVIEW

To prevail on a § 2255 motion, a defendant must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).  Section 2255 relief is extraordinary; consequently, it "is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, it encompasses jurisdictional and constitutional errors. Id. Beyond that, its scope is "severely limited." Id. "[A] miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." Id. at 706. The burden of proof is on a petitioner in a § 2255 proceeding to show that the court violated "the Constitution or laws of the United States." 28 U.S.C. § 2255(a); Holloway v. United States, 960 F.2d 1348, 1355 (8th Cir. 1992); Day v. United States, 428 F.2d 1193, 1196 (8th Cir. 1970) (stating that petitioner bears burden of proof on each ground asserted in a § 2255 motion).

## II.     AGUIRRE'S § 2255 MOTION IS TIME-BARRED

A one-year statute of limitations applies to the filing of a motion under § 2255. The limitation period runs from the latest of:

> *(1) the date on which the judgment of conviction becomes final;*
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255(f) (*emphasis added*).  A judgment of conviction becomes final 14 days after the entry of judgment when a defendant does not file an appeal.  See Murray v. United States, 313 F. App'x 924, 925 (8th Cir. 2009) (per curiam) (unpublished); Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1).  "The one-year statute of limitations may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (internal quotations, emendations, and citations omitted).

Because Aguirre did not appeal, his conviction became final on August 9, 2012 (fourteen days after the entry of judgment on July 26, 2012).  See Doc. No. 147.  Aguirre did not file his § 2255 Motion until November 28, 2016, more than four years after his conviction became final.  Moreover, Aguirre has not provided any evidence or argument that the other three time-keeping provisions of § 2255(f) is applicable or "that some extraordinary circumstance stood in his way," which prevented timely filing.  As such, Aguirre's Motion is time-barred and is dismissed on that basis alone.

### III.   THERE IS NO SUBSTANTIVE MERIT TO AGUIRRE'S § 2255 CLAIM

Even if Aguirre had filed a timely § 2255 motion, there would be no merit to his claim.  He relies solely on McFee to claim that his sentence was improper.  But the issue in McFee has nothing to do with Aguirre's case.

In <u>McFee</u>, the Eighth Circuit held that the crime of terroristic threats under Minnesota law does not constitute a "violent felony" under the ACCA. But, the Court did not rule that the crime was not countable under the criminal history provisions of the Sentencing Guidelines. As the probation office and this Court properly determined, Aguirre was awarded two criminal history points for his terroristic threats conviction under USSG §§ 4A1.1(b) and 4A1.2(k)(1). <u>See</u> PSR at ¶ 53. Together with three other criminal history points, this led to a criminal history category of III and a guideline range of 168 to 210 months, computed without regard to the ACCA or the career offender provisions of the Sentencing Guidelines. <u>See</u> PSR at ¶¶ 48, 58, 97. <u>McFee</u> has done nothing that would change these computations. As such, Aguirre's claim has no merit.

**IV.   THERE IS NO MERIT TO AGUIRRE'S § 3582(c)(2) CLAIM**

There is also no merit to Aguirre's § 3582(c)(2) claim. Under § 3582(c)(2), a district court may reduce a previously imposed prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." <u>United States v. Thomas</u>, 775 F.3d 982 (8th Cir. 2014) (quoting 18 U.S.C. § 3582(c)(2)). Pursuant to USSG § 1B1.10(a)(2), the Sentencing Commission has authorized a § 3582(c)(2) reduction if it has declared a guideline amendment retroactive and the amendment lowers the defendant's "applicable guideline range." <u>Id.</u> Amendment 782 of the Sentencing Guidelines, which became effective November 1, 2014, retroactively reduced most drug quantity base offense levels by two levels under USSG § 2D1.1. Amendment 782 did not, however, authorize a sentencing

court to lower a sentence "to a term less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2).  As this Court has previously ruled, because the Court sentenced Aguirre to a term of imprisonment of 132 months, three months below the minimum of the amended guideline range, Amendment 782 affords him no relief.  See Doc. No. 189.

## V. AN EVIDENTIARY HEARING ON AGUIRRE'S § 2255 MOTION IS NOT REQUIRED

An evidentiary hearing on a § 2255 motion must be granted unless the motion, files, and records of the case establish conclusively that the petitioner is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000).  Ordinarily, where a defendant claims that he asked his attorney to file an appeal, and the issue is disputed, an evidentiary hearing is required to resolve the conflict.  See Franco v. United States, 762 F.3d 761 (8th Cir. 2014); United States v. Watson, 493 F.3d 960, 964 (8th Cir. 2007).

Here, Aguirre states in his § 2255 Motion that "this is the first time that the defendant has raised any of these issues since his attorney never filed his direct appeal *as he had asked for*."  Doc. No. 204 at 10 (emphasis added).  Even though Aguirre's appeal would have had no chance of prevailing, and even though he waived the right to appeal his sentence, an evidentiary hearing would normally be required.  See Watson, 493 F.3d at 964.  But because Aguirre's Motion is time-barred (even if it is assumed that Aguirre asked his attorney to file an appeal and his attorney did not honor the request), Aguirre's

7

claim must be denied on that basis alone.  As such, an evidentiary hearing is not required to resolve the issue as to whether he asked his attorney to file an appeal.

## VI. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability in a § 2255 case only where a defendant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Copeland v. Washington, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  See Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  The Court finds it unlikely that another court would decide the issues raised in Aguirre's § 2255 Motion differently.  The Court therefore concludes that Aguirre has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED**:

1. Aguirre's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 204) is **DENIED**;

2. Aguirre's Motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) (Doc. No. 205) is **DENIED**; and

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Aguirre's § 2255 Motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-4008 (RHK).

Dated:   March 27, 2017

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge